FILED
2024 May-31 AM 09:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT "A"

ELECTRONICALLY FILED
12/12/2023 7:41 PM
61-CV-2023-900492.00
CIRCUIT COURT OF
TALLADEGA COUNTY, ALABAMA
BRIAN YORK, CLERK

**State of Alabama**
**Unified Judicial System**
**Form ARCiv-93 Rev. 9/18**

# COVER SHEET
# CIRCUIT COURT - CIVIL CASE
(Not For Domestic Relations Cases)

Cas
61
Date of Filing: 12/12/2023
Judge Code:

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA**
**AMARI WEBB v. WAL-MART, INC.**

**First Plaintiff:** [ ] Business [x] Individual [ ] Government [ ] Other

**First Defendant:** [x] Business [ ] Individual [ ] Government [ ] Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- [ ] WDEA - Wrongful Death
- [x] TONG - Negligence: General
- [ ] TOMV - Negligence: Motor Vehicle
- [ ] TOWA - Wantonness
- [ ] TOPL - Product Liability/AEMLD
- [ ] TOMM - Malpractice-Medical
- [ ] TOLM - Malpractice-Legal
- [ ] TOOM - Malpractice-Other
- [ ] TBFM - Fraud/Bad Faith/Misrepresentation
- [ ] TOXX - Other: ______

**TORTS: PERSONAL INJURY**
- [ ] TOPE - Personal Property
- [ ] TORE - Real Property

**OTHER CIVIL FILINGS**
- [ ] ABAN - Abandoned Automobile
- [ ] ACCT - Account & Nonmortgage
- [ ] APAA - Administrative Agency Appeal
- [ ] ADPA - Administrative Procedure Act
- [ ] ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- [ ] MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- [ ] CVRT - Civil Rights
- [ ] COND - Condemnation/Eminent Domain/Right-of-Way
- [ ] CTMP - Contempt of Court
- [ ] CONT - Contract/Ejectment/Writ of Seizure
- [ ] TOCN - Conversion
- [ ] EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- [ ] CVUD - Eviction Appeal/Unlawful Detainer
- [ ] FORJ - Foreign Judgment
- [ ] FORF - Fruits of Crime Forfeiture
- [ ] MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- [ ] PFAB - Protection From Abuse
- [ ] EPFA - Elder Protection From Abuse
- [ ] QTLB - Quiet Title Land Bank
- [ ] FELA - Railroad/Seaman (FELA)
- [ ] RPRO - Real Property
- [ ] WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- [ ] COMP - Workers' Compensation
- [ ] CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F [x] **INITIAL FILING** A [ ] **APPEAL FROM DISTRICT COURT** O [ ] **OTHER**

R [ ] **REMANDED** T [ ] **TRANSFERRED FROM OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?** [x] **YES** [ ] **NO**

**Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** [x] **MONETARY AWARD REQUESTED** [ ] **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:**

HIL097

12/12/2023 7:41:22 PM
Date

/s/ OLIVIA HOPE HILL
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** [ ] **YES** [x] **NO** [ ] **UNDECIDED**

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** [ ] **YES** [x] **NO**

ELECTRONICALLY FILED
12/12/2023 7:41 PM
61-CV-2023-900492.00
CIRCUIT COURT OF
TALLADEGA COUNTY, ALABAMA
BRIAN YORK, CLERK

**IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA**

| | | |
|---|---|---|
| **AMARI WEBB,** | ) | ***JURY TRIAL IS DEMANDED*** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: __________________** |
| | ) | |
| | ) | |
| **WAL-MART, INC.,** | ) | |
| **a foreign corporation,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

[FICTITIOUS DEFENDANTS: No. 1, whether singular or plural, that entity or those entities who or which had the duty to maintain the cleanliness and safe condition of the flooring at the store in question in this lawsuit; No. 2, whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn and/ or had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding water, substance or some other liquid that was hazardous to Plaintiff and other patrons in the store in question in this lawsuit; No. 3, whether singular or plural, that entity or those entities who or which had a duty to inspect the floor in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions on or about the flooring materials or floor used for travel by the store patrons in the store in question and at issue in this lawsuit; No. 4, whether singular or plural, that entity or those entities who or which placed, allowed or caused the water or other liquid or substance to be present on the floor in question and at issue in this lawsuit and was hazardous and caused injury and damages to the above-named Plaintiff; No. 5, whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the store in question and at issue in this lawsuit; No. 6, whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the flooring materials present in the store in question and at issue in this lawsuit; No. 7, whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety and security of Plaintiff while at the premises involved in the occurrence made the basis of this suit; No. 8, whether singular or plural, that entity or those entities who or which were involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiff's Complaint; No. 9, whether singular or plural, that entity or those entities who or which owned, operated, and/ or had a right of control over and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff and which is at issue and the basis of this lawsuit; No. 10, whether singular or plural, that entity or those entities who or which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; No. 12, whether singular or plural, that entity or those

entities which reinsured or provided excess coverage; No. 13, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; No. 14, being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein; No. 15, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; No. 16, being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; No. 17, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; No. 18, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining, and operating the section or department of the store in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained],

)
**Defendants.** )

## COMPLAINT

**COMES NOW** Plaintiff, Amari Webb, in the above styled cause, by and through the undersigned counsel of record, and hereby sets forth the following as his Complaint against Defendants and alleges the causes of action as follows:

## PARTIES

1. Plaintiff, Amari Webb, an individual over the age of nineteen (19) years and is a resident of Talladega County, Alabama.

2. Defendants, Wal-Mart, Inc., is a foreign corporation with its principal place of business in Bentonville, Arkansas. Upon information and belief, Defendant is registered and authorized to do business in the State of Alabama.

3. There may be other entities whose true names and identities are unknown to the Plaintiff at this time who may be legally responsible for the claim(s) set forth herein who may be

added by amendment by the Plaintiff when their true names and identities are accurately ascertained by further discovery. Until that time, Plaintiff will designate these parties in accordance with ARCP 9(h). The word "entity" as used herein is intended to refer to and include any and all legal entities including individual persons, any and all forms of partnership and any and all types of corporations and unincorporated associations. The symbol by which these party Defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterizations of the symbol applies to more than one "entity." In the present action, the party defendants whom the Plaintiff must include by descriptive characterization are as follows:

No. 1, whether singular or plural, that entity or those entities who or which had the duty to maintain the cleanliness and safe condition of the flooring at the store in question in this lawsuit; No. 2, whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn and/ or had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding water, substance or some other liquid that was hazardous to Plaintiff and other patrons in the store in question in this lawsuit; No. 3, whether singular or plural, that entity or those entities who or which had a duty to inspect the floor in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions on or about the flooring materials or floor used for travel by the store patrons in the store in question and at issue in this lawsuit; No. 4, whether singular or plural, that entity or those entities who or which placed, allowed or caused the water or other liquid or substance to be present on the floor in question and at issue in this lawsuit and was hazardous and caused injury and damages to the above-named Plaintiff; No. 5, whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the store in question and at issue in this lawsuit; No. 6, whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the flooring materials present in the store in question and at issue in this lawsuit; No. 7, whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety and security of Plaintiff, while at the premises involved in the occurrence made the basis of this suit; No. 8, whether singular or plural, that entity or those entities who or which were involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiff's Complaint; No. 9, whether singular or plural, that entity or those entities who or which owned, operated, and/ or had a right of control over and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff and which is at issue and the basis of this lawsuit; No. 10, whether singular or plural, that entity or those entities who or which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time

of said occurrence; No. 11, whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; No. 12, whether singular or plural, that entity or those entities which reinsured or provided excess coverage; No. 13, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; No. 14, being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein; No. 15, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; No. 16, being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; No. 17, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; No. 18, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining, and operating the section or department of the store in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained. The incidents, allegations, actions, inactions, activities and matters herein related to the counts set forth below occurred in Jefferson County, Alabama on or about July 12, 2021.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the parties and over the subject matter of this action. Venue is proper in this Court pursuant to § 6-3-7, *Code of Alabama* (1975) in that actions against a corporation may be brought in the county in which a substantial part of the act or omission occurred and/ or in the county where the real property comprising the subject of the action is situated.

**FACTUAL BACKGROUND**

5. Plaintiff adopts and re-alleges all preceding paragraphs of Plaintiff's Complaint as if fully set forth herein.

6. On or about the 12th day of December, 2021, Plaintiff was shopping at the Defendant's premises, Walmart Supercenter, located at Walmart Supercenter located at 214

Haynes St., Talladega, AL 35160 in Talladega County.

7. On said date, Plaintiff was walking in the frozen area of the store when he was caused to slip an fall from leaking water on the floor

8. As a result, Plaintiff was caused to fall and suffer the following injuries and damages:

(a) Amari Webb suffered injuries to various portions of his body, including but not limited to right wrist, hand, and body as a whole.

(b) Amari Webb suffered aggravations of pre-existing condition(s);

(c) Amari Webb has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

(d) Amari Webb has experienced and continues to experience mental anguish and is reasonably certain to experience mental anguish in the future;

(e) Amari Webb was permanently injured, disfigured and damaged;

(f) Amari Webb was caused to incur personal injury medical expenses for treatment from various doctors, physicians, and hospitals;

(g) Amari Webb was caused to incur out-of-pocket expenses;

(h) Amari Webb was caused to suffer lost wages and/ or loss of future income and earning capacity;

(i) Amari Webb is reasonably certain to incur personal injury expenses and damages in the future.

**COUNT ONE- NEGLIGENCE AND WANTONNESS**

9. Plaintiff adopts and re-alleges all preceding paragraphs of Plaintiff's Complaint as if fully set forth herein.

10. On or about the 12th day of December, 2021, Plaintiff was a customer who was shopping in the produce area at the Walmart Supercenter located at Walmart Supercenter located at 214 Haynes St., Talladega, AL 35160 in Talladega County, and therefore qualifies as a business invitee.

11. Defendants, and one or more of the fictitious party defendants listed and described hereinabove (hereinafter referred to as "Defendants"), did negligently, recklessly and/or wantonly fail to maintain the premises of the store in a reasonably safe condition.

12. Defendants knew, or should have known, that injury was likely to occur as a result of the dangerous condition of the loose produce and/or wet, slippery substance at or near the entryway of the store's produce aisle. Additionally, Defendants allowed the dangerous condition to remain for an unreasonable amount of time with a conscious disregard for the safety of customers.

13. As a result of Defendants' negligence, wantonness and/or recklessness, Plaintiff was harmed and suffered injuries as described in paragraph eight (8) above and herein.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendants as listed and described in the caption hereinabove, for general and compensatory damages that this Court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

## COUNT TWO – PREMISES LIABILITY

14. Plaintiff adopts and re-alleges all preceding paragraphs of the Complaint as if fully set

forth herein.

15. On or about the 12th day of December, 2021, Plaintiff was a customer who was shopping at Walmart Supercenter located at 214 Haynes St., Talladega, AL 35160 in Talladega County, and therefore, qualifies as a business invitee.

16. Defendants negligently, recklessly and/or wantonly failed to maintain the premises in a reasonably safe manner, thus, causing injury to Plaintiff, as described herein.

17. At the aforesaid time and place, Defendants were the owners or lessees of the property and as such had a duty and responsibility to provide Plaintiff a safe place to shop. Defendants had a duty to warn its patrons and/or invitees of hazards and/ or dangerous conditions existing on the premises of which it knew, or should have known, in the exercise of due care, that were not easily discoverable by its invitees. Defendants negligently, wantonly, recklessly and/or willfully breached its duty by failing to warn Plaintiff of the hazard and/or defective condition of the water and/ or wet, slippery substance located at or near the store's entryway, which was known to them, or which they negligently failed to detect in their use, operation and maintenance of and upon said premises. Said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages as set forth in paragraph eight (8) above and herein.

18. Defendants were owners or lessees of the property at issue and, as such, said defendants had the right to and did control the conditions, methods and manner in which the premises were inspected, maintained, repaired, and configured at the time and place of the occurrence made the basis of Plaintiff's Complaint. Defendants negligently and/or wantonly caused or allowed Plaintiff to be injured as a result of the breach of the duties that Defendants owed to Plaintiff in its failure to repair, maintain, inspect, clean, and/ or warn of the dangerous conditions of water and/ or wet, slippery substance at or near the store's entryway, through lack of proper and timely

inspection and maintenance.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendants as listed and described in the caption hereinabove, for general and compensatory damages that this Court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

**COUNT THREE – NEGLIGENT FAILURE TO WARN**

19. Plaintiff adopts and re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

20. At the aforesaid time and place, Defendants knew or should have known that their failure to properly maintain the subject premises and adequately correct, repair, upkeep, or otherwise, the subject premises would create a hazardous and/or dangerous condition that necessitated notice of its risks to others.

21. Plaintiff avers that Defendants owed Plaintiff a duty to exercise reasonable care and to warn Plaintiff of any dangerous and/or hazardous condition that existed on the subject premises.

22. Defendants breached said duty by failing to provide notice to Plaintiff of the dangerous and/or hazardous condition.

23. As a proximate consequence of the negligent and wanton conduct of Defendants, Plaintiff was injured, harmed, and damaged as fully set forth in paragraph eight (8), above and herein.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendants as listed and described in the caption hereinabove, for general and compensatory damages that this Court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

## COUNT FOUR – RESPONDEAT SUPERIOR AND AGENCY

24. Plaintiff adopts re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

25. At the aforesaid time and place, Defendants were liable to Plaintiff for the negligent and/or wanton acts that Defendants' officers, agents, employees, contractors and/or subcontractors committed within the line and scope of their employment for Defendants.

26. Plaintiff further alleges that Defendants did negligently and wantonly cause or allow Defendants' officers, agents, employees, contractors and/or subcontractors to inadequately maintain the premises and improperly correct, repair, upkeep, clean, inspect, or otherwise, the subject premises.

27. Defendants' officers, agents, employees, contractors and/or subcontractors did negligently and wantonly fail to adequately maintain the premises and properly correct, repair, upkeep, clean, inspect, or otherwise, the subject premises.

28. Defendants' officers, agents, employees, contractors and/or subcontractors were acting within the line and scope of their employment with Defendants at all times relevant to the occasion made the basis of this lawsuit.

29. As a proximate consequence of the negligent and wanton conduct of Defendants' officers, agents, employees, contractors and/or subcontractors, Plaintiff was injured, harmed, and damaged as fully set forth in paragraph eight (8), above and herein.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendants as listed and described in the caption hereinabove, for general and compensatory damages that this Court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

**COUNT FIVE – NEGLIGENT/ WANTON HIRING TRAINING AND SUPERVISION**

30. Plaintiff adopts and re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

31. At the aforesaid time and place, Defendants failed to exercise proper care and diligence to ensure that their officers, agents, employees, contractors and/or subcontractors, who were responsible for adequately maintaining the subject premises, properly correct, repair, upkeep, clean, inspect, or otherwise, the subject premises.

32. The Defendants had a duty to ensure that their officers, agents, employees, contractors and/or subcontractors, who were entrusted with the responsibility of adequately maintaining the subject premises, were properly and adequately hired, trained, and/or supervised to maintain the said premises in a responsible manner and within the line and scope of their employment and/or agency.

33. The Defendants' failure to exercise proper care and diligence to ensure their officers, agents, employees, contractors and/or subcontractors adequately maintain the subject premises and properly correct, repair, upkeep, clean, inspect, or otherwise, the subject premises is the actual and proximate cause of Plaintiff's injuries and damages.

34. As a proximate consequence of the Defendants' failure to exercise proper care and diligence to ensure their officers, agents, employees, contractors and/or subcontractors adequately maintain the subject premises and properly correct, repair, upkeep, clean, inspect, or otherwise, the subject premises, Plaintiff was injured, harmed, and damaged as fully set forth in paragraph eight (8), above and herein.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendants as listed and described in the caption hereinabove, for general and compensatory damages that this Court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

**DATED:** This the 12th day of December, 2023.

Respectfully Submitted,

/s/ Olivia H. Hill
Olivia H. Hill (HIL-097)
Attorney for Plaintiff

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
1100 23rd Street South
Birmingham, Alabama 35205
Phone: (205) 983-8120
Facsimile: (205) 983-8420
Email: ohill@asilpc.com

Plaintiff's Address:
Amari Webb
C/o Olivia Hill
Shunnarah Injury Lawyers, P.C.
1100 23rd Street South
Birmingham, AL 35205

**REQUEST FOR SERVICE BY CERTIFIED MAIL BY CLERK**

Pursuant to ARCP 4.1 and 4.2, Plaintiff requests that the ***Clerk*** direct service of the foregoing "Summons and Complaint" by certified mail, addressed as follows:

Wal-Mart, Inc
ATTN: C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

State of Alabama
Unified Judicial System
Form C-34 Rev. 7/2023

**SUMMONS**
**- CIVIL -**

**Court Case Number**
61-CV-2023-900492.00

**IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA**
**AMARI WEBB V. WAL-MART, INC.**

**NOTICE TO:** WAL-MART, INC., C T CORPORATION SYSTEM 2 N. JACKSON ST. STE, 605, MONTGOMERY, AL 36104
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
OLIVIA HOPE HILL ,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 1100 23rd Street S, Birmingham, AL 35205 .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of AMARI WEBB *[Name(s)]* pursuant to the Alabama Rules of the Civil Procedure.

12/12/2023 *(Date)* /s/ BRIAN YORK *(Signature of Clerk)* By: ______ *(Name)*

☑ Certified Mail is hereby requested. /s/ OLIVIA HOPE HILL *(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on ______ *(Date)*.

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to ______ *(First and Last Name of Person Served)* in ______ *(Name of County)* County, Alabama on ______ *(Date)*.

Document left:

☐ with above-named Defendant;
☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;
☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by ______ *(First and Last Name of Person Served)* in ______ *(Name of County)* County, Alabama on ______ *(Date)* who is:

☐ the above-named Defendant;
☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)* *(Server's Signature)* *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)* *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)* *(Telephone Number of Designated Process Server)*

# NOTICE TO CLERK

## REQUIREMENTS FOR COMPLETING SERVICE BY CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA
AMARI WEBB V. WAL-MART, INC.

61-CV-2023-900492.00

To: CLERK TALLADEGA
clerk.talladega@alacourt.gov

TOTAL POSTAGE PAID: $9.97

Parties to be served by Certified Mail - Return Receipt Requested

WAL-MART, INC. Postage: $9.97
C T CORPORATION SYSTEM
2 N. JACKSON ST. STE, 605
MONTGOMERY, AL 36104

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

7020 0090 0001 3642 0853

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

CV-2023-900492

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☒ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☒ Adult Signature Restricted Delivery $
Postage
$ 9.97
Total Postage and Fees
$

TALLADEGA AL 35160
Postmark
DEC 15 2023
USPS

Sent To
Walmart Inc.
Street and Apt. No., or PO Box No.
CT Corporation System suite 605
City, State, ZIP+4®
2 N. Jackson St. Montgomery, AL 36104

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

ELECTRONICALLY FILED
1/17/2024 12:17 PM
61-CV-2023-900492.00
CIRCUIT COURT OF
TALLADEGA COUNTY, ALABAMA
BRIAN YORK, CLERK

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

| | | |
|---|---|---|
| AMARI WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 61-CV-2023-900492.00 |
| | ) | |
| WAL-MART, INC., a foreign corporation, and Fictitious Defendants 1-18, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT WAL-MART STORES EAST, LP'S ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW one of the Defendants in the above-styled action, **Wal-Mart Stores East, LP, (incorrectly named in the Complaint as Wal-Mart, Inc.)**, and for answer to the Complaint and each count and paragraph in it, separately and severally, sets forth and says as follows:

**FIRST DEFENSE**

This defendant is not guilty of the allegations of wrongdoing set forth on behalf of the plaintiff in the Complaint.

**SECOND DEFENSE**

There is no proximate cause between any action or inaction on the part of this defendant and the injuries and damages alleged on behalf of the plaintiff.

**THIRD DEFENSE**

The plaintiff assumed the risk of any injuries and/or damages as alleged in the Complaint.

**FOURTH DEFENSE**

The plaintiff was contributorily negligent and is therefore barred under Alabama law from making any recovery against this defendant.

**FIFTH DEFENSE**

This defendant pleads the general issue.

**SIXTH DEFENSE**

This defendant denies that the plaintiff is injured and damaged to the extent claimed in the Complaint and demands strict proof thereof.

**SEVENTH DEFENSE**

The imposition of damages for mental anguish and/or emotional distress are unconstitutional both under the Constitution of the State of Alabama and Constitution of the United States. Based upon Alabama procedures relative to damages for mental anguish and emotional distress, which provide no objective, logical or reasonable standards or criteria which govern the award and the amount of the award of such damages, this defendant is denied due process and equal protection of the laws as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 6, 10, 11, 13, and 22 of the Alabama Constitution, separately and severally.

**EIGHTH DEFENSE**

Any award of damages in this case for emotional distress and mental anguish would be improper and unconstitutional, as there are no procedural safeguards for the imposition of such damages, and such damages are left to the standardless discretion of the jury.

**NINTH DEFENSE**

Although this defendant reserves its right to amend this Answer to assert such other defenses, affirmative or otherwise, pursuant to the Alabama Rules of Civil Procedure and the Rules of this Court, this defendant asserts the following affirmative defenses as required under Rule 8(c), of the Alabama Rules of Civil Procedure to include: statute of limitations, contributory negligence,

release, res judicata, payment, waiver, and collateral estoppel.

**TENTH DEFENSE**

This defendant denies each and every material allegation made on behalf of the plaintiff in this case and particularly those allegations that this defendant negligently or wantonly failed to provide a safe place or that it was negligent or wanton in failing to warn or provide notice to the plaintiff of an alleged unsafe condition.

**ELEVENTH DEFENSE**

This defendant denies that the plaintiff has any right under Alabama law, the Constitution of the State of Alabama, and the United States Constitution to claim punitive damages against this defendant under the facts of this case.

**TWELFTH DEFENSE**

Alabama's law on joint and several liability and any award of punitive damages would be unconstitutional and would violate the rights of this defendant to due process, equal protection and other constitutional rights due to the fact that through joint and several liability exemplary damages may be awarded against multiple defendants without consideration of the extent or participation of a particular defendant in alleged joint wrongdoing with a net result being that various defendants may be lumped together in a joint verdict without regard for the degree of culpability of individual defendants.

**THIRTEENTH DEFENSE**

Any imposition of punitive damages in this case would contravene the Due Process clauses of the United States Constitution and the Constitution of the State of Alabama on the following grounds:

[1] The procedures through which punitive damages are awarded fail to provide a

reasonable limit on the amount of the award against this defendant.

[2] The procedures through which punitive damages are awarded in Alabama are unconstitutionally vague.

[3] The procedures through which punitive damages are awarded fail to provide specific standards for the assessment of punitive damages.

[4] The procedures through which punitive damages are awarded in Alabama fail to provide specific standards for the amount of punitive damages.

[5] The procedures through which punitive damages are awarded in Alabama fails to provide a clear appellate standard of review.

[6] Any award of punitive damages would constitute an arbitrary and capricious taking of property of this defendant without due process of law.

[7] This defendant denies that it is guilty of conduct referable to which punitive damages could or should be award and denies that the plaintiff has produced, or even alleged, clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against this defendant.

**FOURTEENTH DEFENSE**

This defendant contests the damages alleged by the plaintiff and demands strict proof thereof. Specifically, with regard to the claim for punitive damages, this defendant pleads that any award of punitive damages to the plaintiff in this case would be violative of the constitutional safeguards provided to the defendant under the Constitution of the State of Alabama and the Constitution of the United States of America, as follows:

[1] Due Process Clause Fourteenth Amendment to the United States Constitution: Punitive damages are vague and not rationally related to legitimate governmental interests.

[2] Sixth Amendment to the United States Constitution: Punitive damages are penal in nature, and consequently, defendants are entitled to the same procedural safeguards accorded to criminal defendants.

[3] Self-incrimination Clause of the Fifth Amendment to the United States Constitution: It is violative to impose punitive damages against defendants, which are penal in nature, yet compel defendants to disclose potentially incriminating documents and evidence.

[4] United States Constitution and Constitution of the State of Alabama: It is violative of the rights guaranteed to impose punitive damages against defendants which are penal in nature by placing a burden of proof on the plaintiff which is less than the "beyond a reasonable doubt" burden of proof in criminal cases.

**FIFTEENTH DEFENSE**

The imposition of damages for mental anguish and/or emotional distress are unconstitutional both under the Constitution of the State of Alabama and Constitution of the United States. Based upon Alabama procedures relative to damages for mental anguish and emotional distress, which provide no objective, logical, or reasonable standards or criteria which govern the award and the amount of the award of such damages, this defendant is denied due process and equal protection of the laws as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 6, 10, 11, 13, and 22 of the Alabama Constitution, separately and severally.

**SIXTEENTH DEFENSE**

Any award of damages in this case for emotional distress and mental anguish would be improper and unconstitutional, as there are no procedural safeguards for the imposition of such damages, and such damages are left to the standardless discretion of the jury.

**SEVENTEENTH DEFENSE**

This defendant pleads the protection provided by Ala. Code § 6-11-21.

**EIGHTEENTH DEFENSE**

To allow a jury to award punitive damages would violate the due process guaranteed by the Fourteenth Amendment of the Constitution of the United States in Article 1, Section 13 of the Constitution of Alabama of 1901, and would also violate the Excessive Fines Provision of the Eighth Amendment of the Constitution of the United States in Article 1, Section 15 of the Constitution of Alabama.

**NINETEENTH DEFENSE**

This Defendant asserts no duty was owed to the plaintiff under Alabama law under the circumstance of this case.

**TWENTIETH DEFENSE**

This defendant asserts no hidden defective condition of which it had notice existed.

**TWENTY-FIRST DEFENSE**

This defendant pleads the alleged condition was open and obvious.

**TWENTY-SECOND DEFENSE**

This defendant denies it created any dangerous condition.

**TWENTY-THIRD DEFENSE**

This defendant denies it had actual or constructive notice of any alleged dangerous condition.

NOW, therefore having answered the Complaint setting forth general and affirmative defenses, this Defendant sets forth the following response to each individually numbered count and paragraph contained in the complaint as follows:

## PARTIES

1. This Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

2. Admitted; however, denied Wal-Mart, Inc. is a proper defendant.

3. To the extent this paragraph contains allegations against this Defendant, they are denied and strict proof thereof is demanded.

## JURISDICTION AND VENUE

4. This Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

## FACTUAL BACKGROUND

5. This Defendant adopts and incorporates by reference all previous paragraphs contained in this answer as if fully set forth herein.

6. To the best of this Defendant's knowledge, admitted.

7. Denied.

8. Denied.

## Count I – Negligence and Wantonness

9. This Defendant adopts and incorporates by reference all previous paragraphs contained in this answer as if fully set forth herein.

10. Admitted as to the date and location of the subject incident. All remaining allegations contained in this paragraph are denied and strict proof thereof is demanded.

11. Denied.

12. Denied.

13. Denied.

**Count II – Premises Liability**

14. This Defendant adopts and incorporates by reference all previous paragraphs contained in this answer as if fully set forth herein.

15. Admitted as to the date and location of the subject incident. All remaining allegations contained in this paragraph are denied and strict proof thereof is demanded.

16. Denied.

17. Denied.

18. Denied.

**Count III – Negligent Failure to Warn**

19. This Defendant adopts and incorporates by reference all previous paragraphs contained in this answer as if fully set forth herein.

20. To the extent this paragraph contains allegations against this Defendant, they are denied and strict proof thereof is demanded.

21. To the extent this paragraph contains allegations against this Defendant, they are denied and strict proof thereof is demanded.

22. To the extent this paragraph contains allegations against this Defendant, they are denied and strict proof thereof is demanded.

23. Denied.

**Count IV – Respondeat Superior and Agency**

24. This Defendant adopts and incorporates by reference all previous paragraphs contained in this answer as if fully set forth herein.

25. To the extent this paragraph contains allegations against this Defendant, they are denied and strict proof thereof is demanded.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

**Count V – Negligent/Wanton Hiring Training and Supervision**

30. This Defendant adopts and incorporates by reference all previous paragraphs contained in this answer as if fully set forth herein.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

**DEFENDANT DEMANDS TRIAL BY STRUCK JURY**

Respectfully submitted,

s/ *Chris Zulanas*

Christopher J. Zulanas (ZUL001)
Gwendolyn A. Gordon (GOR006)
Counsel for Defendant –
Wal-Mart Stores East, LP
(incorrectly named Wal-Mart, Inc.)

OF COUNSEL:
FRIEDMAN, DAZZIO & ZULANAS, PC
3800 Corporate Woods Dr
Birmingham, AL 35242
czulanas@friedman-lawyers.com
ggordon@friedman-lawyers.com
(stacy@friedman-lawyers.com)
P: (205) 278-7000
F: (205) 278-7001

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing pleading upon all counsel of record, via the Alabama electronic filing system, electronic mail, and/or U.S. Mail, first class postage prepaid and properly addressed, on this date: January 17, 2024.

Olivia H. Hill
SHUNNARAH INJURY LAWYERS PC
1100 23rd Street South
Birmingham, AL 35205
ohill@asilpc.com
*Attorney for Plaintiff*

s/ *Chris Zulanas*
OF COUNSEL

ELECTRONICALLY FILED
1/17/2024 12:28 PM
61-CV-2023-900492.00
CIRCUIT COURT OF
TALLADEGA COUNTY, ALABAMA
BRIAN YORK, CLERK

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

| | | |
|---|---|---|
| AMARI WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 61-CV-2023-900492.00 |
| | ) | |
| WAL-MART, INC., a foreign corporation, | ) | |
| and Fictitious Defendants 1-18, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT WAL-MART STORES EAST, LP'S FIRST REQUESTS FOR ADMISSIONS, SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF AMARI WEBB**

COMES NOW one of the Defendants in the above-styled action, **Wal-Mart Stores East, LP, (incorrectly named in the Complaint as Wal-Mart, Inc.)**, and propounds the following Requests for Admissions, Interrogatories and Requests for Production of Documents to the Plaintiff, Amari Webb, pursuant to the Alabama Rules of Civil Procedure as follows:

**REQUESTS FOR ADMISSIONS**

1. Admit your total claimed damages exceed more than $75,000.

2. Admit you will not seek more than $75,000 in damages in this case.

3. Admit you will not accept more than $75,000 in damages in this case, if awarded by a jury.

**INTERROGATORIES**

1. State your full name, residence address, Date of Birth and Social Security Number, and describe the occupation or profession you now follow, giving the name and address of your employer.

2. Were you taking any form of medication at the time of the accident or occurrence? If so, please explain, in detail, giving the name of any such drugs or medications, by whom such

drugs or medications were prescribed, and from what place said drugs or medications were purchased.

3. Prior to the occasion of the occurrence or accident made the basis of your suit, were you in any manner physically handicapped or disabled? If your answer is in the affirmative, please explain, in detail the nature and extent of each such handicap/disability, when it occurred, the cause, and the names and addresses of the doctors and physicians that treated such condition.

4. State the name and address of all doctors and physicians who have treated you during the ten-year period prior to the occasion of the occurrence or accident made the basis of your suit and state specifically the illnesses, diseases or physical or mental problems for which you were so treated by such doctors.

5. Have you ever applied for Social Security benefits for disability? If so, state the basis of the claim, the nature of the disability and the extent of the disability.

6. State the name of any insurance company or other organization to which you have made any claim for benefits under any medical pay coverage or policy of insurance relating to injuries arising out of the incident alleged in your complaint. If any payments have been made to you or on your behalf, please provide any and all documents relating to those payments.

7. Describe and locate each and every injury received by you in the accident made the basis of this suit.

8. Specify which, if any, of said injuries are permanent in nature or cause you any disability or impairment.

9. Describe the nature and frequency of any pain you are presently experiencing as a result of any such injury.

10. State the name and address of each and every physician or doctor or hospital which

has seen or treated you for the injuries you allege you received in the accident or occurrence made the basis of this suit.

11. Describe in detail any injuries of any nature whatsoever which you have suffered subsequent to the accident or occurrence made the basis of this suit and state the name of each healthcare provider which treated you for the injuries.

12. List each and every healthcare provider which you have paid or agreed to pay in connection with the injuries described in your Complaint and attach copies of said bills to your answers to this Interrogatory.

13. Have you sustained any additional financial losses as a result of the occurrence complained of, other than those covered by your answer to the preceding Interrogatory, and if so, please state the nature and amount of any such loss; the date thereof; and the names and addresses of any persons to whom any money so claimed as an additional loss was paid.

14. Were you affected with or suffering from any medical condition, including illness, injury, ailment, infirmity, impairment or disability immediately before and during the incident referred to in the Complaint?

15. If your answer to the preceding Interrogatory is in the affirmative, please state the nature of any such condition with which you are afflicted or from which you are suffering, and the name of any doctor or medical practitioner from whom you received any treatment regarding any such condition.

16. Please describe in detail the nature and extent of each and every physical injury which you claim to have sustained and for which you claim damages in this case.

17. Please identify and itemize each and every item of expense, wage loss or damage which you claim in this action.

18. Please identify and itemize each and every item of expense, loss or damage which you expect to incur in the future as a result of the allegations made in your complaint.

19. In your lawsuit, you contend that you fell to your injury. If so, please state how you fell, exactly where you fell and what caused you to fall.

20. Please state in detail the events which occurred leading up to and after your fall.

21. Have you ever been a party to a civil action besides this case? If so, please list the name of the case, the parties, where the suit was filed and list the nature of each lawsuit.

22. Please identify all persons known to you with knowledge of the accident which forms the basis of your Complaint.

23. What were you doing and where were you looking at the time of your fall?

24. Did you speak with any of the defendants or their representatives prior to or following your accident. If so, please state the substance of the conversation(s) and identify the person with whom you spoke if you are able to do so.

25. Please describe in detail any conversations and dealings you had with any defendant or its representatives regarding your fall and any report on the incident.

26. Please state the names of any and all witnesses whom you propose to use at the trial of this matter.

27. Please state the names of any and all expert witnesses whom you propose to use at the trial of this matter.

28. Please state specifically each and every element of damage you claim in this lawsuit and state a dollar amount for each element of damage which you claim to be entitled to and plan to request at trial.

29. Have you applied for and/or received any loans and/or advance based upon the

subject potential claim and/or lawsuit? If so, please state, with specificity to whom or to what entity you applied and when and how much, if any, you were loaned. Also, please provide copies of your application and any other documents related to your application and/or loan and/or advance.

30. Are you a Medicare beneficiary or do you intend to become a Medicare beneficiary in the next thirty months? If so, please state the amount Medicare has paid to you or on your behalf and provide all records regarding any and all Medicare benefits paid to you or on your behalf.

31. Do you understand that these Interrogatories are being answered under oath?

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. Produce a copy of the front and back of your current driver's license.

2. Any photographs, videotapes and moving pictures of the accident scene/incident or of the plaintiff which purport to show injuries sustained by the plaintiff as a result of the accident/incident made the basis of this suit.

3. All hospital, doctor, x-ray, psychiatric, chiropractic and every other report of every kind, nature and description relating to injuries sustained by the plaintiff as a result of the accident/incident made the basis of this suit.

4. Copies of all documents, checks, tax returns, wage receipts and every other document of every kind, nature and description which purport to show loss of income sustained by the plaintiff as a result of the accident/incident made the basis of this suit.

5. All statements, either written, taped or videotaped, of any person who has knowledge regarding the allegations in the complaint or knowledge concerning the accident/incident or injuries to the plaintiff.

6. Copies of all documents relating to a claim by the plaintiff for social security

benefits, unemployment benefits, workmen's compensation benefits or other benefits relating to the injuries received by the plaintiff as set out in the complaint.

7. Copies of all applications for health or life insurance made by the plaintiff since the date of the accident/incident referred to in the complaint.

8. All correspondence between the plaintiff or anyone acting on her behalf and any party in this case relating to the allegations in the complaint.

9. All medical records of every kind, nature and description relating to the care, treatment, hospitalization or confinement for or of the plaintiff for the fifteen-year period before the date of the complaint.

10. Please produce any reports prepared by expert witness(es) in any way relating to this case.

11. Please produce all materials and data (or other information) considered by the witness(es) in forming any opinions in this case.

12. Please produce a resume, curriculum vitae, or summary of the expert's qualifications.

13. Please produce a list of all publications authored by the witness(es) within the preceding ten-year period.

14. Please produce a copy of the employment agreement between the witness(es) and the plaintiffs or their attorney in this case.

15. Please produce a listing of any cases in which the witness(es) has testified as an expert at trial or by deposition within the preceding four years.

16. Please produce copies or originals of any exhibits prepared by the witness(es), or at the witness(es) request, to be used at trial.

17. Produce an executed copy of the attached Medicare Beneficiary form and Consent to Release Records for all Medicare records.

Respectfully submitted,

s/ *Chris Zulanas*
Christopher J. Zulanas (ZUL001)
Gwendolyn A. Gordon (GOR006)
Counsel for Wal-Mart Stores East, LP

OF COUNSEL:
FRIEDMAN, DAZZIO & ZULANAS, PC
3800 Corporate Woods Dr
Birmingham, AL 35242
czulanas@friedman-lawyers.com
ggordon@friedman-lawyers.com
(stacy@friedman-lawyers.com)
P: (205) 278-7000
F: (205) 278-7001

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing pleading upon all counsel of record, via the Alabama electronic filing system, electronic mail, and/or U.S. Mail, first class postage prepaid and properly addressed, on this date: January 17, 2024.

Olivia H. Hill
SHUNNARAH INJURY LAWYERS PC
1100 23rd Street South
Birmingham, AL 35205
ohill@asilpc.com
*Attorney for Plaintiff*

s/ *Chris Zulanas*
OF COUNSEL

The Centers for Medicare & Medicaid Services (CMS) is the federal agency that oversees the Medicare program. Many Medicare beneficiaries have other insurance in addition to their Medicare benefits. Sometimes, Medicare is supposed to pay after the other insurance. However, if certain other insurance delays payment, Medicare may make a "conditional payment" so as to not inconvenience the beneficiary, and then recover after the other insurance pays.

Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 (MMSEA), a federal law that became effective January 1, 2009, requires that liability insurers (including self-insurers), no-fault insurers, and workers' compensation plans report specific information about Medicare beneficiaries who have other insurance coverage. This reporting is to help CMS to properly coordinate payment of benefits among plans so that your medical claims are paid promptly and correctly.

We are asking you to answer the questions below so that we may comply with this law.

**Please review this picture of the Medicare card to determine if you have, or have ever had, a similar Medicare card.**

**Please note the Medicare Number located on this card.**




## Section I

| | | |
|---|---|---|
| *Are you presently, or have you ever been, enrolled in Medicare?* | ☐ Yes | ☐ No |
| *If yes, please complete the following. If no, proceed to Section II.* | | |
| ***Full Name:** (Please print the name exactly as it appears on your SSN or Medicare card if available.)* | | |
| | | |
| **Medicare Number:** | **Date of Birth (Mo/Day/Year)** / / | |
| ****Social Security Number:** (If Medicare Number is Unavailable) - - | **Sex** ☐ Female | ☐ Male |

** Note: If you are unable to provide your Medicare Number **and** uncomfortable with providing your full Social Security Number (SSN), you have the option to provide the last **5** digits of your SSN in the section above.

## Section II

I understand that the information requested is to assist the requesting insurance arrangement to accurately coordinate benefits with Medicare and to meet its mandatory reporting obligations under Medicare law.

______________________________
**Claimant Name (Please Print)**

______________________________
**Name of Person Completing This Form If Claimant is Unable (Please Print)**

______________________________ ______________________________
**Signature of Person Completing This Form** **Date**

*If you have completed Sections I and II above, stop here. If you are refusing to provide the information requested in Sections I and II, proceed to Section III.*

## Section III

______________________________
**Claimant Name (Please Print)**

For the reason(s) listed below, I have not provided the information requested. I understand that if I am a Medicare beneficiary and I do not provide the requested information, I may be violating obligations as a beneficiary to assist Medicare in coordinating benefits to pay my claims correctly and promptly.

**Reason(s) for Refusal to Provide Requested Information:**

______________________________

______________________________

______________________________

______________________________

______________________________ ______________________________
**Signature of Person Completing This Form** **Date**

ELECTRONICALLY FILED
4/12/2024 7:42 PM
61-CV-2023-900492.00
CIRCUIT COURT OF
TALLADEGA COUNTY, ALABAMA
BRIAN YORK, CLERK

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

| | | |
|---|---|---|
| AMARI WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 61-CV-2023-900492.00 |
| | ) | |
| WAL-MART, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>DEFENDANT WAL-MART STORES EAST, LP'S MOTION TO COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS</u>**

COMES NOW the Defendant, Wal-Mart Stores East, LP. (incorrectly named in the Complaint as Wal-Mart, Inc.), and moves this Honorable Court to compel the Plaintiff to respond to Defendant's Interrogatories, Requests for Production of Documents, and Requests for Admission. As grounds for this Motion, Defendant sets forth and says as follows:

1. On January 16, 2024, Wal-Mart served Requests for Admission, Interrogatories, and Requests for Production upon Plaintiff. (Doc. 8).

2. Counsel for Defendant made efforts to resolve this matter without the necessity of court involvement. (Correspondence with Plaintiff's Counsel, collectively attached hereto as Exhibit A).

3. To date, Plaintiff has failed or refused to respond to said discovery.

**WHEREFORE PREMISES CONSIDERED**, Defendant Wal-Mart Stores

East, LP respectfully requests that this Honorable Court enter an Order requiring Plaintiff to respond to discovery within ten (10) days.

Respectfully submitted,

s/ *Chris Zulanas*
Christopher J. Zulanas (ZUL001)
Gwendolyn A. Gordon (ARE006)
Counsel for Defendant
Wal-Mart Stores East, LP
(incorrectly named as Wal-Mart, Inc.)

OF COUNSEL:
Friedman Dazzio & Zulanas, PC
3800 Corporate Woods Drive
Birmingham AL 35242
czulanas@friedman-lawyers.com
ggordon@friedman-lawyers.com
stacy@friedman-lawyers.com
(205) 278-7000

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing pleading upon all counsel of record, via the Alabama electronic filing system, electronic mail, on this date: April 12, 2024.

Olivia H. Hill
Muhammad Abdullah
SHUNNARAH INJURY LAWYERS PC
1100 23rd Street South
Birmingham, AL 35205
ohill@asilpc.com
mabdullah@aslipc.com
*Attorneys for Plaintiff*

s/ *Chris Zulanas*
OF COUNSEL

ELECTRONICALLY FILED
4/12/2024 7:42 PM
61-CV-2023-900492.00
CIRCUIT COURT OF
TALLADEGA COUNTY, ALABAMA
BRIAN YORK, CLERK

# EXHIBIT "A"

## Amari Webb v. Walmart Stores East / 61-CV-2023-900492 / FDZ File: 1480-10305

Stacy Aycock <stacy@friedman-lawyers.com>

Mon 2/26/2024 5:46 PM

To:Olivia Hill <OHill@asilpc.com>;Cassandra Collins <CCollins@asilpc.com>
Cc:Chris Zulanas <czulanas@friedman-lawyers.com>;Gwen Gordon <ggordon@friedman-lawyers.com>

2 attachments (811 KB)

Webb v Walmart__Ltr to Olivia Hill re past due discovery (Webb) 02-26-2024.pdf; Webb v Walmart__Doc 08 Walmart's First RFAs, IROGs and RFPD to Plaintiff Webb #10305.pdf;

Ms. Hill,

Please see attached letter from Gwen Gordon regarding your client's responses to our outstanding written discovery filed on January 17, 2024 (Doc. 8 attached).
If you have any questions following your review, please let us know.

Thank you,
Stacy

FDZ FRIEDMAN DAZZIO & ZULANAS, P.C.

**Stacy Aycock | Legal Assistant**
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive | Birmingham, AL 35242
T: 205-278-7025 | F: 205-278-7001 | Website

This email message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. There is no intent on the part of the sender to waive any privilege, including the attorney-client privilege, that may attach to this communication. Unless otherwise stated, the content of this message and its attachments are not to be construed as establishing an attorney-client relationship if one does not otherwise exist. If you have received this message in error, please notify the sender immediately by email or telephone and delete this message and all copies and backups thereof. Thank you.

# RE: Amari Webb v. Walmart Stores East / 61-CV-2023-900492 / FDZ File: 1480-10305

Stacy Aycock <stacy@friedman-lawyers.com>
Thu 3/14/2024 8:06 PM
To:Cassandra Collins <CCollins@asilpc.com>;Olivia Hill <OHill@asilpc.com>
Cc:Chris Zulanas <czulanas@friedman-lawyers.com>;Gwen Gordon <ggordon@friedman-lawyers.com>

Cassandra,

If you can, please have them to us by March 20, if possible. Thank you.

Stacy

**Stacy Aycock | Legal Assistant**
**to Chris Zulanas and Gwen Gordon**
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive | Birmingham, AL 35242
T: 205-278-7025 | F: 205-278-7001 | Website

This email message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. There is no intent on the part of the sender to waive any privilege, including the attorney-client privilege, that may attach to this communication. Unless otherwise stated, the content of this message and its attachments are not to be construed as establishing an attorney-client relationship if one does not otherwise exist. If you have received this message in error, please notify the sender immediately by email or telephone and delete this message and all copies and backups thereof. Thank you.

---

**From:** Cassandra Collins <CCollins@asilpc.com>
**Sent:** Wednesday, March 13, 2024 3:51 PM
**To:** Gwen Gordon <ggordon@friedman-lawyers.com>; Stacy Aycock <stacy@friedman-lawyers.com>; Olivia Hill <OHill@asilpc.com>
**Cc:** Chris Zulanas <czulanas@friedman-lawyers.com>
**Subject:** RE: Amari Webb v. Walmart Stores East / 61-CV-2023-900492 / FDZ File: 1480-10305

I will have this discovery by the first of next week if that is okay.

Cassandra

Cassandra Collins
Paralegal

Alexander Shunnarah
TRIAL ATTORNEYS

Mailing: 3626 Clairmont Ave. S.
Birmingham, AL 35222
Physical: 1100 23rd St S
Birmingham, AL 35205
Direct: (205) 983-8331

Fax: (205) 983-8455
CCollins@asilpc.com
www.shunnarah.com

Department Contacts:
Attorney: Olivia Hill, ohill@asilpc.com, (205) 983-8120
Attorney: Stacey Gantt, sgantt@asilpc.com, (205) 983-8155
Olivia Hill
Stacey Gantt

This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. All e-mail messages and any and all files transmitted with it are also subject to the attorney-client privilege and attorney work-product doctrine, and contain confidential information intended only for the person(s) to whom this e-mail message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone at 205-323-1000 or by reply e-mail and destroy the original message without making copies. Unauthorized review, use, disclosure, dissemination or distribution is strictly prohibited. Thank You.

**From:** Gwen Gordon <ggordon@friedman-lawyers.com>
**Sent:** Tuesday, February 27, 2024 8:47 AM
**To:** Cassandra Collins <CCollins@asilpc.com>; Stacy Aycock <stacy@friedman-lawyers.com>; Olivia Hill <OHill@asilpc.com>
**Cc:** Chris Zulanas <czulanas@friedman-lawyers.com>
**Subject:** Re: Amari Webb v. Walmart Stores East / 61-CV-2023-900492 / FDZ File: 1480-10305

Cassandra,

The Word version is attached. Please let me know if you need anything else.

Gwen

**Gwen A. Gordon | Counsel**

Friedman, Dazzio & Zulanas, P.C.

3800 Corporate Woods Drive | Birmingham, AL 35242

T: 205-278-7088 | F: 205-278-7001 | Website | Bio | vCard

This email message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. There is no intent on the part of the sender to waive any privilege, including the attorney-client privilege, that may attach to this communication. Unless otherwise stated, the content of this message and its attachments are not to be construed as establishing an attorney-client

relationship if one does not otherwise exist. If you have received this message in error, please notify the sender immediately by email or telephone and delete this message and all copies and backups thereof. Thank you.

---

**From:** Cassandra Collins <CCollins@asilpc.com>
**Sent:** Tuesday, February 27, 2024 8:31 AM
**To:** Stacy Aycock <stacy@friedman-lawyers.com>; Olivia Hill <OHill@asilpc.com>
**Cc:** Chris Zulanas <czulanas@friedman-lawyers.com>; Gwen Gordon <ggordon@friedman-lawyers.com>
**Subject:** RE: Amari Webb v. Walmart Stores East / 61-CV-2023-900492 / FDZ File: 1480-10305

Stacy,

Can you send me the Word documents for the discovery?

Kind Regards,

Cassandra

Cassandra Collins
Paralegal

Alexander Shunnarah
TRIAL ATTORNEYS

Mailing: 3626 Clairmont Ave. S.
Birmingham, AL 35222
Physical: 1100 23rd St S
Birmingham, AL 35205
Direct: (205) 983-8331
Fax: (205) 983-8455
CCollins@asilpc.com
www.shunnarah.com

Department Contacts:
Attorney: Olivia Hill, ohill@asilpc.com, (205) 983-8120
Attorney: Stacey Gantt, sgannt@asilpc.com, (205) 983-8155
Olivia Hill
Stacey Gantt

This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. All e-mail messages and any and all files transmitted with it are also subject to the attorney-client privilege and attorney work-product doctrine, and contain confidential information intended only for the person(s) to whom this e-mail message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone at 205-323-1000 or by reply e-mail and destroy the original message without making copies. Unauthorized review, use, disclosure, dissemination or distribution is strictly prohibited. Thank You.

**From:** Stacy Aycock <stacy@friedman-lawyers.com>
**Sent:** Monday, February 26, 2024 5:46 PM

**To:** Olivia Hill <OHill@asilpc.com>; Cassandra Collins <CCollins@asilpc.com>
**Cc:** Chris Zulanas <czulanas@friedman-lawyers.com>; Gwen Gordon <ggordon@friedman-lawyers.com>
**Subject:** Amari Webb v. Walmart Stores East / 61-CV-2023-900492 / FDZ File: 1480-10305

Ms. Hill,

Please see attached letter from Gwen Gordon regarding your client's responses to our outstanding written discovery filed on January 17, 2024 (Doc. 8 attached).
If you have any questions following your review, please let us know.

Thank you,
Stacy

FDZ FRIEDMAN DAZZIO & ZULANAS, P.C.

**Stacy Aycock | Legal Assistant**
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive | Birmingham, AL 35242
T: 205-278-7025 | F: 205-278-7001 | Website

This email message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. There is no intent on the part of the sender to waive any privilege, including the attorney-client privilege, that may attach to this communication. Unless otherwise stated, the content of this message and its attachments are not to be construed as establishing an attorney-client relationship if one does not otherwise exist. If you have received this message in error, please notify the sender immediately by email or telephone and delete this message and all copies and backups thereof. Thank you.

## Amari Webb v. Wal-Mart Stores East

Stacy Aycock <stacy@friedman-lawyers.com>
Thu 4/11/2024 1:38 PM

To:mabdullah@aslipc.com <mabdullah@aslipc.com>;Erika Lowery <elowery@asilpc.com>
Cc:Gwen Gordon <ggordon@friedman-lawyers.com>

1 attachments (320 KB)
#08 Walmart's First RFAs, IROGs and RFPD to Plaintiff Webb #10305 (4861-8180-3934.1).pdf;

Good afternoon,

We still have not received your client's responses to our discovery that was filed on January 17, 2024 (DOC 8). Please send them today to avoid us filing a motion to compel.

Thanks!
Stacy

FDZ FRIEDMAN DAZZIO & ZULANAS, P.C.

**Stacy Aycock | Legal Assistant to**
Chris Zulanas and Gwen Gordon
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive | Birmingham, AL 35242
T: 205-278-7025 | F: 205-278-7001 | Website

This email message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. There is no intent on the part of the sender to waive any privilege, including the attorney-client privilege, that may attach to this communication. Unless otherwise stated, the content of this message and its attachments are not to be construed as establishing an attorney-client relationship if one does not otherwise exist. If you have received this message in error, please notify the sender immediately by email or telephone and delete this message and all copies and backups thereof. Thank you.

This email message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. There is no intent on the part of the sender to waive any privilege, including the attorney-client privilege, that may attach to this communication. Unless otherwise stated, the content of this message and its attachments are not to be construed as establishing an attorney-client relationship if one does not otherwise exist. If you have received this message in error, please notify the sender immediately by email or telephone and delete this message and all copies and backups thereof. Thank you.

---

**From:** Cassandra Collins <CCollins@asilpc.com>
**Sent:** Wednesday, March 13, 2024 3:51 PM
**To:** Gwen Gordon <ggordon@friedman-lawyers.com>; Stacy Aycock <stacy@friedman-lawyers.com>; Olivia Hill <OHill@asilpc.com>
**Cc:** Chris Zulanas <czulanas@friedman-lawyers.com>
**Subject:** RE: Amari Webb v. Walmart Stores East / 61-CV-2023-900492 / FDZ File: 1480-10305

I will have this discovery by the first of next week if that is okay.

Cassandra

Cassandra Collins
Paralegal

Alexander Shunnarah
TRIAL ATTORNEYS

Mailing: 3626 Clairmont Ave. S.
Birmingham, AL 35222
Physical: 1100 23rd St S
Birmingham, AL 35205
Direct: (205) 983-8331
Fax: (205) 983-8455
CCollins@asilpc.com
www.shunnarah.com

Department Contacts:
Attorney: Olivia Hill, ohill@asilpc.com, (205) 983-8120
Attorney: Stacey Gantt, sgantt@asilpc.com, (205) 983-8155
Olivia Hill
Stacey Gantt

This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. All e-mail messages and any and all files transmitted with it are also subject to the attorney-client privilege and attorney work-product doctrine, and contain confidential information intended only for the person(s) to whom this e-mail message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone at 205-323-1000 or by reply e-mail and destroy the original message without making copies. Unauthorized review, use, disclosure, dissemination or distribution is strictly prohibited. Thank You.

---

**From:** Gwen Gordon <ggordon@friedman-lawyers.com>
**Sent:** Tuesday, February 27, 2024 8:47 AM
**To:** Cassandra Collins <CCollins@asilpc.com>; Stacy Aycock <stacy@friedman-lawyers.com>; Olivia Hill <OHill@asilpc.com>

**Cc:** Chris Zulanas <czulanas@friedman-lawyers.com>
**Subject:** Re: Amari Webb v. Walmart Stores East / 61-CV-2023-900492 / FDZ File: 1480-10305

Cassandra,

The Word version is attached. Please let me know if you need anything else.

Gwen

**Gwen A. Gordon | Counsel**

Friedman, Dazzio & Zulanas, P.C.

3800 Corporate Woods Drive | Birmingham, AL 35242

T: 205-278-7088 | F: 205-278-7001 | Website | Bio | vCard

This email message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. There is no intent on the part of the sender to waive any privilege, including the attorney-client privilege, that may attach to this communication. Unless otherwise stated, the content of this message and its attachments are not to be construed as establishing an attorney-client relationship if one does not otherwise exist. If you have received this message in error, please notify the sender immediately by email or telephone and delete this message and all copies and backups thereof. Thank you.

---

**From:** Cassandra Collins <CCollins@asilpc.com>
**Sent:** Tuesday, February 27, 2024 8:31 AM
**To:** Stacy Aycock <stacy@friedman-lawyers.com>; Olivia Hill <OHill@asilpc.com>
**Cc:** Chris Zulanas <czulanas@friedman-lawyers.com>; Gwen Gordon <ggordon@friedman-lawyers.com>
**Subject:** RE: Amari Webb v. Walmart Stores East / 61-CV-2023-900492 / FDZ File: 1480-10305

Stacy,

Can you send me the Word documents for the discovery?

Kind Regards,

Cassandra

Cassandra Collins
Paralegal

Alexander Shunnarah
TRIAL ATTORNEYS

Mailing: 3626 Clairmont Ave. S.
Birmingham, AL 35222
Physical: 1100 23rd St S
Birmingham, AL 35205
Direct: (205) 983-8331
Fax: (205) 983-8455
CCollins@asilpc.com
www.shunnarah.com

Department Contacts:
Attorney: Olivia Hill, ohill@asilpc.com, (205) 983-8120
Attorney: Stacey Gantt, sgannt@asilpc.com, (205) 983-8155
Olivia Hill
Stacey Gantt

This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. All e-mail messages and any and all files transmitted with it are also subject to the attorney-client privilege and attorney work-product doctrine, and contain confidential information intended only for the person(s) to whom this e-mail message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone at 205-323-1000 or by reply e-mail and destroy the original message without making copies. Unauthorized review, use, disclosure, dissemination or distribution is strictly prohibited. Thank You.

**From:** Stacy Aycock <stacy@friedman-lawyers.com>
**Sent:** Monday, February 26, 2024 5:46 PM
**To:** Olivia Hill <OHill@asilpc.com>; Cassandra Collins <CCollins@asilpc.com>
**Cc:** Chris Zulanas <czulanas@friedman-lawyers.com>; Gwen Gordon <ggordon@friedman-lawyers.com>
**Subject:** Amari Webb v. Walmart Stores East / 61-CV-2023-900492 / FDZ File: 1480-10305

Ms. Hill,

Please see attached letter from Gwen Gordon regarding your client's responses to our outstanding written discovery filed on January 17, 2024 (Doc. 8 attached).
If you have any questions following your review, please let us know.

Thank you,
Stacy

FDZ FRIEDMAN DAZZIO & ZULANAS, P.C.
**Stacy Aycock | Legal Assistant**
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive | Birmingham, AL 35242
T: 205-278-7025 | F: 205-278-7001 | Website

This email message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. There is no intent on the part of the sender to waive any privilege, including the attorney-client privilege, that may attach to

## RE: Amari Webb v. Walmart Stores East / 61-CV-2023-900492 / FDZ File: 1480-10305

Stacy Aycock <stacy@friedman-lawyers.com>
Thu 3/21/2024 2:32 PM
To:Cassandra Collins <CCollins@asilpc.com>;Olivia Hill <OHill@asilpc.com>
Cc:Chris Zulanas <czulanas@friedman-lawyers.com>;Gwen Gordon <ggordon@friedman-lawyers.com>

Good afternoon,

We have not received your client's responses to our discovery that was promised by the first of the week.

Please send them today to avoid me having to file a motion to compel.

Thank you,
Stacy

**Stacy Aycock | Legal Assistant to**
**Chris Zulanas and Gwen Gordon**
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive | Birmingham, AL 35242
T: 205-278-7025 | F: 205-278-7001 | Website

This email message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. There is no intent on the part of the sender to waive any privilege, including the attorney-client privilege, that may attach to this communication. Unless otherwise stated, the content of this message and its attachments are not to be construed as establishing an attorney-client relationship if one does not otherwise exist. If you have received this message in error, please notify the sender immediately by email or telephone and delete this message and all copies and backups thereof. Thank you.

---

**From:** Stacy Aycock <stacy@friedman-lawyers.com>
**Sent:** Thursday, March 14, 2024 8:06 PM
**To:** Cassandra Collins <CCollins@asilpc.com>; Olivia Hill <OHill@asilpc.com>
**Cc:** Chris Zulanas <czulanas@friedman-lawyers.com>; Gwen Gordon <ggordon@friedman-lawyers.com>
**Subject:** RE: Amari Webb v. Walmart Stores East / 61-CV-2023-900492 / FDZ File: 1480-10305

Cassandra,

If you can, please have them to us by March 20, if possible. Thank you.

Stacy

**Stacy Aycock | Legal Assistant**
**to Chris Zulanas and Gwen Gordon**
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive | Birmingham, AL 35242
T: 205-278-7025 | F: 205-278-7001 | Website

ELECTRONICALLY FILED
4/19/2024 2:12 AM
61-CV-2023-900492.00
CIRCUIT COURT OF
TALLADEGA COUNTY, ALABAMA
BRIAN YORK, CLERK

**IN THE CIRCUIT COURT OF TALLDEGA COUNTY, ALABAMA**

| | | |
|---|---|---|
| **AMARI WEBB,** | **)** | |
| | **)** | |
| **Plaintiffs,** | | |
| | **)** | |
| **v.** | | |
| | **)** | **Case No. : 61-CV-23-900429** |
| **CHARLES MCBRAYER,** | **)** | |
| **Defendants.** | **)** | |

**MOTION TO WITHDRAW**

**COMES NOW,** Olivia H. Hill, and moves to withdraw as counsel for the Plaintiff in the above-styled cause. Olivia H. Hill no longer represents the Plaintiff(s). New Counsel will file their Notice of Appearance shortly.

Respectfully submitted,

*/s/ Olivia H. Hill*
Olivia H. Hill (HIL097)

**OF COUNSEL:**
ALEXANDER SHUNNARAH
2900 First Avenue South
Birmingham, AL 35233
Phone: 205-323-1000
E: ohsheffield@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the Alafile system and/or via U.S. Mail, postage prepaid, on this the 19th day of April 2024, to the following:

Friedman Dazzio & Zulanas, PC
3800 Corporate Woods Drive
Birmingham AL 35242
czulanas@friedman-lawyers.com
ggordon@friedman-lawyers.com
stacy@friedman-lawyers.com
(205) 278-7000

/s/ Olivia H. Hill
OF COUNSEL

ELECTRONICALLY FILED
4/19/2024 2:12 AM
61-CV-2023-900492.00
CIRCUIT COURT OF
TALLADEGA COUNTY, ALABAMA
BRIAN YORK, CLERK

**IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA**
**TALLADEGA DIVISION**

| | | |
|---|---|---|
| WEBB AMARI,<br>Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.: CV-2023-900492.00 |
| | ) | |
| WAL-MART, INC.,<br>Defendant. | ) | |

**Order Granting Motion to Withdraw**

PROPOSED ORDER

MOTION TO WITHDRAW filed by Olivia H. Hill is hereby GRANTED.

**DONE this[To be filled by the Judge].**

**/s/[To be filled by the Judge]**
**CIRCUIT JUDGE**

AlaFile E-Notice

61-CV-2023-900492.00

Judge: CHAD EDWARD WOODRUFF

To: OLIVIA HOPE HILL
ohsheffield@gmail.com

# NOTICE OF VIRTUAL HEARING

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

AMARI WEBB V. WAL-MART, INC.
61-CV-2023-900492.00

The following matter is having a virtual link added. This may be to enable a virtual hearing or merely to enable a witness or other to connect to an in-court hearing. If you have any questions, you should contact the Court.

MOTION TO COMPEL

4/30/2024 2:19:08 PM

| | | |
|---|---|---|
| Hearing Date: | 05/23/2024 | |
| Hearing Time: | 02:30:00 PM | Central Time |
| Location: | Virtual Hearing | |
| Notice Date: | 4/30/2024 2:19:08 PM | |

BRIAN YORK
CIRCUIT COURT CLERK
TALLADEGA COUNTY, ALABAMA
P O BOX 6137
TALLADEGA, AL, 35161

256-761-2102
brian.york@alacourt.gov

AlaFile E-Notice

61-CV-2023-900492.00

Judge: CHAD EDWARD WOODRUFF

To: CHRIS ZULANAS MR.
czulanas@friedman-lawyers.com

# NOTICE OF VIRTUAL HEARING

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

AMARI WEBB V. WAL-MART, INC.
61-CV-2023-900492.00

The following matter is having a virtual link added. This may be to enable a virtual hearing or merely to enable a witness or other to connect to an in-court hearing. If you have any questions, you should contact the Court.

MOTION TO COMPEL

4/30/2024 2:19:08 PM

| | | |
|---|---|---|
| Hearing Date: | 05/23/2024 | |
| Hearing Time: | 02:30:00 PM | Central Time |
| Location: | Virtual Hearing | |
| Notice Date: | 4/30/2024 2:19:08 PM | |

BRIAN YORK
CIRCUIT COURT CLERK
TALLADEGA COUNTY, ALABAMA
P O BOX 6137
TALLADEGA, AL, 35161

256-761-2102
brian.york@alacourt.gov

AlaFile E-Notice

61-CV-2023-900492.00

Judge: CHAD EDWARD WOODRUFF

To: GWENDOLYN ARENDALL GORDON
ggordon@friedman-lawyers.com

# NOTICE OF VIRTUAL HEARING

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

AMARI WEBB V. WAL-MART, INC.
61-CV-2023-900492.00

The following matter is having a virtual link added. This may be to enable a virtual hearing or merely to enable a witness or other to connect to an in-court hearing. If you have any questions, you should contact the Court.

MOTION TO COMPEL

4/30/2024 2:19:08 PM

| | | |
|---|---|---|
| Hearing Date: | 05/23/2024 | |
| Hearing Time: | 02:30:00 PM | Central Time |
| Location: | Virtual Hearing | |
| Notice Date: | 4/30/2024 2:19:08 PM | |

BRIAN YORK
CIRCUIT COURT CLERK
TALLADEGA COUNTY, ALABAMA
P O BOX 6137
TALLADEGA, AL, 35161

256-761-2102
brian.york@alacourt.gov

ELECTRONICALLY FILED
5/1/2024 12:24 PM
61-CV-2023-900492.00
CIRCUIT COURT OF
TALLADEGA COUNTY, ALABAMA
BRIAN YORK, CLERK

**IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA**

| | | |
|---|---|---|
| **AMARI WEBB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: CV-2023-900492** |
| | ) | |
| **WAL-MART STORES EAST, LP,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**NOTICE OF APPEARANCE AS COUNSEL OF RECORD FOR PLAINTIFF**

COMES NOW the undersigned, Teylor L. Holland, of Alexander Shunnarah Trial Attorneys and provides this Honorable Court, as well as all Parties, with formal notice of her appearance as counsel of record for Plaintiff.

Respectfully Submitted,

/s/ *Teylor L. Holland*
Teylor Lavin Holland (HOL191)
Attorney for Plaintiff

**OF COUNSEL**

ALEXANDER SHUNNARAH TRIAL ATTORNEYS, P.C.
3626 Clairmont Avenue South
Birmingham, Alabama 35222
Phone: (205) 203-4401
Fax: (205) 983-8428
Email: tholland@asilpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows on this the 1st day of May, 2024.

Christopher Zulanas
Gwendolyn Gordon
FRIEDMAN, DAZZIO & ZULANAS, PC
3800 Corporate Woods Dr
Birmingham, AL 35242

**/s/** *Teylor L. Holland*
OF COUNSEL

ELECTRONICALLY FILED
5/1/2024 1:10 PM
61-CV-2023-900492.00
CIRCUIT COURT OF
TALLADEGA COUNTY, ALABAMA
BRIAN YORK, CLERK

**IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA**

| | | |
|---|---|---|
| **AMARI WEBB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: CV-2023-900492** |
| | ) | |
| **WAL-MART STORES EAST, LP,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**NOTICE OF SERVICE OF DISCOVERY DOCUMENTS**

TO: Circuit Court Clerk

Please take notice that the undersigned has served on counsel for all parties the following discovery documents:

- Plaintiff Amari Webb's verified responses to Defendant Wal-Mart Stores East, LP's First Interrogatories.
- Plaintiff Amari Webb's verified responses to Defendant Wal-Mart Stores East, LP's Requests for Admission.
- Plaintiff Amari Webb's verified responses to Defendant Wal-Mart Stores East, LP's Requests for Production of Documents.

*/s/ Teylor L. Holland*
Teylor Lavin Holland (HOL191)
Attorney for Plaintiff

**OF COUNSEL:**
ALEXANDER SHUNNARAH TRIAL ATTORNEYS, P.C.
3626 Clairmont Avenue S
Birmingham, AL 35222
Phone: (205) 203-4401
Fax: (205) 983-8428
Email: tholland@asilpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows on this the 1st day of May, 2024.

Christopher Zulanas
Gwendolyn Gordon
FRIEDMAN, DAZZIO & ZULANAS, PC
3800 Corporate Woods Dr
Birmingham, AL 35242

**/s/ Teylor L. Holland**
OF COUNSEL

[redacted]

[redacted] [redacted]

[redacted]

[redacted] [redacted]

ELECTRONICALLY FILED
5/8/2024 1:03 PM
61-CV-2023-900492.00
CIRCUIT COURT OF
TALLADEGA COUNTY, ALABAMA
BRIAN YORK, CLERK

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

| | | |
|---|---|---|
| AMARI WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 61-CV-2023-900492.00 |
| | ) | |
| WAL-MART, INC., a foreign corporation, and Fictitious Defendants 1-18, | ) | |
| | ) | |
| Defendants. | ) | |

NOTICE OF INTENT TO SERVE SUBPOENAS ON NON-PARTIES

Take notice that upon the expiration of fifteen (15) days from the date of service of this notice Defendant will apply to the Clerk of this Court for issuance of the attached subpoenas directed to the following entities, who are not parties and whose addresses are listed below, to produce the documents and things at the time and place specified in the attached subpoenas:

Alabama Medicaid Agency
AL Case Management Unit
PO Box 240756
Montgomery, AL 36124

Respectfully Submitted,

*/s/ Christopher Zulanas*
Christopher J. Zulanas (ZUL001)
Gwendolyn A. Gordon (GOR006)
Counsel for Defendant –
Wal-Mart Stores East, LP

**OF COUNSEL:**
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
czulanas@friedman-lawyers.com
ggordon@friedman-lawyers.com
P 205.278.7000 | F 205.278.7001

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 8th day of May 2024, I have electronically filed the above and foregoing with the Clerk of Court using the *AlaFile* electronic-filing-system, which will send electronic notification and a copy of such filing to counsel for all parties of record at the time of filing and/or United States Mail, first-class postage prepaid and properly addressed as follows:

Teylor Holland
ALEXANDER SHUNNARAH TRIAL ATTORNEYS
3626 Clairmont Avenue
Birmingham, AL 35222
tholland@asilpc.com
*Attorney for Plaintiff*

*/s/ Christopher Zulanas*
Of Counsel

State of Alabama
Unified Judicial System
Form C-13 (front) Rev. 6/07

# ORDER TO APPEAR (SUBPOENA)

Case Number
61-CV-2023-900492

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA
(Circuit, District, or Municipal) (Name of County or Municipality)

☐ State of Alabama
☐ Municipality of ________ v. ________, Defendant
☑ Plaintiff AMARI WEBB v. WAL-MART, INC, Defendant

(For Juvenile cases only):
☐ In the Matter of: ________, a child

Alabama Medicaid Agency
AL Case Management Unit
PO Box 240756
Montgomery, AL 36124

A. Issued at the request of:
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand jury

B. Special Instructions
You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other ________

You may contact: Friedman, Dazzio, & Zulanas, P.C., 3800 Corporate Woods Drive, Birmingham, AL 35242

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE: ________
TIME: ________
ROOM: ________
ADDRESS: ________

________
Date Issued

________ [ ]
Signature of Court Clerk Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**

Any inspection or production of documents or records must be completed within 15 days.

**This subpoena is for records only. You are not required to appear in court. Please review the NOTICE section on page two as well as Exhibit A and produce certified records to:**

**Christopher Zulanas, Esq.**
**ATTN: Devon Thagard, Paralegal**
**Friedman, Dazzio & Zulanas, P.C.**
**3800 Corporate Woods Drive**
**Birmingham, AL 35242**

DRAFT

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:** You are ordered to serve this Order on the above-named person and make return to this court.

**RETURN ON SERVICE**

I certify that I personally delivered a copy of this order to ________
________ on ________, ________

________
Signature and Title of Server

(For Criminal cases only)
☐ **Served by mail**
**Date mailed** ________

[ ]
________
Sheriff Deputy Sheriff

**E B T A**

Please produce and permit defendant to inspect and copy each of the following class of documents:

> Any and all files, documents, papers, memoranda, correspondence, insurance policies, claim forms, explanation of benefit forms, subrogation liens and interest, and any other documents which reflect the submission of claims by or on behalf of, including, but not limited to, documents reflecting the amount submitted by the health care provider, the amount paid by Medicaid (or it's principal if Medicaid is acting as agent for another), the amount not paid by Medicaid, the insured's co-payment, and documents reflecting whether the provider has waived any balance billing as to each charge. This subpoena references:

**Name Amari ebb**
**Date of Birt** [redacted]
**Social Security Number** [redacted]
**Date of ncident 1 /1 / 0 1**

**Time Period for Re uest UNT T E END OF T AT ON**

**P EASE CERT F RECORDS B COMP ET N ENC OSED AUT ENT C T CERT F CAT ON FORM**

Such production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you.

You may mail legible copies of documents or things to:

Christopher Zulanas, II., Esq.
ATTN: Devon Thagard, Paralegal
FRIEDMAN, DAZZIO, & ZULANAS, P.C.
3800 Corporate Woods Drive
Birmingham, Alabama 35242

You may condition such activity on your part upon the payment in advance of the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.

**P EASE CONTACT US N AD ANCE F T E COP COSTS E CEED 0.00.**

**P EASE ATTAC A COP OF T S SUBPOENA TO OUR RECORDS.**

ELECTRONICALLY FILED
5/13/2024 9:38 AM
61-CV-2023-900492.00
CIRCUIT COURT OF
TALLADEGA COUNTY, ALABAMA
BRIAN YORK, CLERK

**IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA**
**TALLADEGA DIVISION**

| | | |
|---|---|---|
| WEBB AMARI, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.: CV-2023-900492.00 |
| | ) | |
| WAL-MART, INC., | ) | |
| Defendant. | ) | |

**Order Granting Motion to Withdraw**

MOTION TO WITHDRAW filed by Olivia H. Hill is hereby GRANTED.

**DONE this 13th day of May, 2024.**

**/s/ CHAD EDWARD WOODRUFF**
**PRESIDING CIRCUIT JUDGE**

ELECTRONICALLY FILED
5/21/2024 10:53 AM
61-CV-2023-900492.00
CIRCUIT COURT OF
TALLADEGA COUNTY, ALABAMA
BRIAN YORK, CLERK

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

| | | |
|---|---|---|
| AMARI WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 61-CV-2023-900492.00 |
| | ) | |
| WAL-MART, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT WAL-MART STORES EAST, LP'S MOTION TO MOOT ITS MOTION TO COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS**

COMES NOW the Defendant, Wal-Mart Stores East, LP. (incorrectly named in the Complaint as Wal-Mart, Inc.), and respectfully submits this Motion to Moot its Motion to Compel Plaintiff to Respond to Discovery Requests [Doc. 11]. As grounds for this motion, Defendant sets forth and says as follows:

1. After several unsuccessful attempts to obtain Plaintiff's Discovery responses, Defendant filed a Motion to Compel **[Doc. 11]**.

2. Defendant's Motion to Compel is set for virtual hearing on May 23, 2024.

3. However, on May 1, 2024, Plaintiff responded to Defendant's discovery requests. [Doc. 23].

WHEREFORE, PREMISES CONSIDERED, this Defendant respectfully requests that this Honorable Court moot its Motion to Compel Plaintiff to Respond to Discovery Requests.

Respectfully submitted,

s/ *Gwen A. Gordon*
Christopher J. Zulanas (ZUL001)
Gwendolyn A. Gordon (ARE006)
Counsel for Defendant
Wal-Mart Stores East, LP
(incorrectly named as Wal-Mart, Inc.)

OF COUNSEL:
Friedman Dazzio & Zulanas, PC
3800 Corporate Woods Drive
Birmingham AL 35242
czulanas@friedman-lawyers.com
ggordon@friedman-lawyers.com
stacy@friedman-lawyers.com
(205) 278-7000

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing pleading upon all counsel of record, via the Alabama electronic filing system, electronic mail, on this date: May 21, 2024.

Teylor Holland
Muhammad Abdullah
SHUNNARAH INJURY LAWYERS PC
1100 23rd Street South
Birmingham, AL 35205
tholland@asilpc.com
mabdullah@aslipc.com
*Attorneys for Plaintiff*

s/ *Gwen A. Gordon*
OF COUNSEL

ELECTRONICALLY FILED
5/22/2024 1:27 PM
61-CV-2023-900492.00
CIRCUIT COURT OF
TALLADEGA COUNTY, ALABAMA
BRIAN YORK, CLERK

**IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA**
**TALLADEGA DIVISION**

| | | |
|---|---|---|
| WEBB AMARI, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.: CV-2023-900492.00 |
| | ) | |
| WAL-MART, INC., | ) | |
| Defendant. | ) | |

**ORDER**

MOTION TO COMPEL filed by WAL-MART, INC. is MOOT.

**DONE this 22nd day of May, 2024.**

**/s/ CHAD EDWARD WOODRUFF**
**PRESIDING CIRCUIT JUDGE**

AlaFile E-Notice

61-CV-2023-900492.00
Judge: CHAD EDWARD WOODRUFF

To: OLIVIA HOPE HILL
ohsheffield@gmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

AMARI WEBB V. WAL-MART, INC.
61-CV-2023-900492.00

The following VIRTUAL HEARING was CANCELED

MOTION TO COMPEL
5/22/2024 1:27:41 PM

Notice Date: 5/22/2024 1:27:41 PM

BRIAN YORK
CIRCUIT COURT CLERK
TALLADEGA COUNTY, ALABAMA
P O BOX 6137
TALLADEGA, AL, 35161

256-761-2102
brian.york@alacourt.gov

AlaFile E-Notice

61-CV-2023-900492.00
Judge: CHAD EDWARD WOODRUFF

To: CHRIS ZULANAS MR.
czulanas@friedman-lawyers.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

AMARI WEBB V. WAL-MART, INC.
61-CV-2023-900492.00

The following VIRTUAL HEARING was CANCELED

MOTION TO COMPEL
5/22/2024 1:27:41 PM

Notice Date: 5/22/2024 1:27:41 PM

BRIAN YORK
CIRCUIT COURT CLERK
TALLADEGA COUNTY, ALABAMA
P O BOX 6137
TALLADEGA, AL, 35161

256-761-2102
brian.york@alacourt.gov

AlaFile E-Notice

61-CV-2023-900492.00

Judge: CHAD EDWARD WOODRUFF

To: GWENDOLYN ARENDALL GORDON
ggordon@friedman-lawyers.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

AMARI WEBB V. WAL-MART, INC.
61-CV-2023-900492.00

The following VIRTUAL HEARING was CANCELED

MOTION TO COMPEL
5/22/2024 1:27:41 PM

Notice Date: 5/22/2024 1:27:41 PM

BRIAN YORK
CIRCUIT COURT CLERK
TALLADEGA COUNTY, ALABAMA
P O BOX 6137
TALLADEGA, AL, 35161

256-761-2102
brian.york@alacourt.gov

ELECTRONICALLY FILED
5/28/2024 10:05 AM
61-CV-2023-900492.00
CIRCUIT COURT OF
TALLADEGA COUNTY, ALABAMA
BRIAN YORK, CLERK

**State of Alabama**
**Unified Judicial System**
**Form C-13 (front) Rev. 4/18**

# ORDER TO APPEAR (SUBPOENA)

**Cas**
61-(

## IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** ______
☑ **AMARI WEBB V. WAL-MART, INC.**
**(For Juvenile cases only):**
☐ **In the Matter of** ______

ALABAMA MEDICAID AGENCY

ALABAMA CASE MANAGEMENT
PO BOX 240756
MONTGOMERY, AL 36124

A. Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury

B. Special Instructions
You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other ______

**You may contact:** CHRIS ZULANAS MR. 3800 CORPORATE WOODS DRIVE BIRMINGHAM, AL 35242 (205) 278-7000

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:** 06/14/2024 10:00 AM
**ROOM:**
**ADDRESS:** Friedman, Dazzio, and Zulanas
3800 Corporate Woods Drive
Birmingham, AL 35242
**DATE ISSUED:** 5/28/2024

/s/ BRIAN YORK
Signature of Court Clerk    Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**
Any inspection or production of documents or records must be completed within 15 days

This subpoena is for records only. You are not required to appear in court. Please review the NOTICE section on page two as well as Exhibit A and produce certified records to:

Christopher Zulanas, Esq.
ATTN: Devon Thagard, Paralegal
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:** You are ordered to serve this order on the above named person and make return to this court.

**RETURN ON SERVICE**

I certify that I personally delivered a copy of this order to ______ on ______

Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

Date Mailed

Sheriff    Deputy Sheriff

**Form C-13 (back) Rev.4/18** | **ORDER TO APPEAR (SUBPOENA)**

## NOTICE

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. “Serve” as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert’s opinion or information not describing specific events or occurrences in dispute and resulting from the expert’s study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
5/29/2024 8:39 AM
61-CV-2023-900492.00
CIRCUIT COURT OF
TALLADEGA COUNTY, ALABAMA
BRIAN YORK, CLERK

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

| | | |
|---|---|---|
| AMARI WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 61-CV-2023-900492.00 |
| | ) | |
| WAL-MART, INC., a foreign corporation, and Fictitious Defendants 1-18, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S MOTION FOR HIPAA ORDER**

COMES NOW Defendant Wal-Mart Stores East, LP and requests this Court enter a HIPAA Order and as grounds therefore, states as follows:

1. The plaintiff's physical condition and medical expenses are at issue in this litigation. In the complaint, the plaintiff claims to have sustained personal injuries and incurred medical treatment and costs as a result of the accident.

2. The defendant is entitled to issue subpoenas to the plaintiff's healthcare providers requesting information and documentation regarding the plaintiff's medical records and charges for medical treatment.

3. The defendant anticipates that the plaintiff's health care providers are subject to the privacy requirements set forth at 45 C.F.R. §164.512 and are prohibited from disclosing information regarding the plaintiff absent a Qualified Protective Order pursuant to 45 C.F.R. §164.512(3).

4. Accordingly, the defendant requests that this Court enter a HIPAA Order. For the convenience of the Court, a proposed HIPAA Order is attached as Exhibit "A."

**WHEREFORE, PREMISES CONSIDERED,** the defendant respectfully requests this Honorable Court enter a HIPAA Order, pursuant to 45 C.F.R. §164.512(3) authorizing the plaintiff's healthcare providers to disclose protected health information for the purposes of this litigation.

Respectfully Submitted,

*/s/ Christopher Zulanas*
Christopher J. Zulanas (ZUL001)
Gwendolyn A. Gordon (GOR006)
Counsel for Defendant –
Wal-Mart Stores East, LP

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 29th day of May 2024, I have electronically filed the above and foregoing with the Clerk of Court using the *AlaFile* electronic-filing-system, which will send electronic notification and a copy of such filing to counsel for all parties of record at the time of

Teylor Holland
ALEXANDER SHUNNARAH TRIAL ATTORNEYS
3626 Clairmont Avenue
Birmingham, AL 35222
tholland@asilpc.com
*Attorney for Plaintiff*

*/s/ Christopher Zulanas*
Of Counsel

**EXHIBIT "A"**

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

| | | |
|---|---|---|
| AMARI WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 61-CV-2023-900492.00 |
| | ) | |
| WAL-MART, INC., a foreign corporation, and Fictitious Defendants 1-18, | ) | |
| | ) | |
| Defendants. | ) | |

**HIPAA ORDER**

Upon compliance with Alabama law, the attorneys for the parties and/or *pro se* parties to this lawsuit are permitted to obtain all health, information, including charges therefore, relating to any Individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee. This Order neither broadens nor restricts any party's ability to conduct discovery pursuant to Alabama law, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

**This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).**

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family. Nothing in this Order permits disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity other than an agent or employee of the attorney or party. This Order prohibits the parties from using or disclosing the Protected Health Information for any purpose other than this litigation of proceedings.

At the conclusion of this action and at the written request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information which is included in insurance claim files and law firm litigation files may be retained to allow compliance to the extent and for the period that such retention is required by Alabama insurance laws and the Alabama State Bar rules and regulations.

DONE and ORDERED this the _______ day of ___________, 2024.

___________________________

Circuit Court Judge

ELECTRONICALLY FILED
5/30/2024 8:10 AM
61-CV-2023-900492.00
CIRCUIT COURT OF
TALLADEGA COUNTY, ALABAMA
BRIAN YORK, CLERK

**IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA**
**TALLADEGA DIVISION**

| | | |
|---|---|---|
| WEBB AMARI, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.: CV-2023-900492.00 |
| | ) | |
| WAL-MART, INC., | ) | |
| Defendant. | ) | |

# HIPAA ORDER

Upon compliance with Alabama law, the attorneys for the parties and/or *pro se* parties to this lawsuit are permitted to obtain all health, information, including charges therefore, relating to any Individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee. This Order neither broadens nor restricts any party's ability to conduct discovery pursuant to Alabama law, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

**This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).**

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications made for the purposes of diagnosis or treatment of

a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family. Nothing in this Order permits disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity other than an agent or employee of the attorney or party. This Order prohibits the parties from using or disclosing the Protected Health Information for any purpose other than this litigation of proceedings.

At the conclusion of this action and at the written request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information which is included in insurance claim files and law firm litigation files may be retained to allow compliance to the extent and for the period that such retention is required by Alabama insurance laws and the Alabama State Bar rules and regulations.

**DONE this 30th day of May, 2024.**

**/s/ CHAD EDWARD WOODRUFF**
**PRESIDING CIRCUIT JUDGE**

ELECTRONICALLY FILED
5/30/2024 8:20 PM
61-CV-2023-900492.00
CIRCUIT COURT OF
TALLADEGA COUNTY, ALABAMA
BRIAN YORK, CLERK

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

AMARI WEBB,

Plaintiff,

v.

WAL-MART, INC.,
a foreign corporation, and
Fictitious Defendants 1-18,

Defendants.

Case No: 61-CV-2023-900492.00

**NOTICE OF FILING NOTICE OF REMOVAL**

COMES NOW one of the Defendants in the above-styled action, **Wal-Mart Stores East, LP, (incorrectly named in the Complaint as Wal-Mart, Inc.)**, and submit their Notice of Filing Notice of Removal.

On May 30, 2024, Defendants filed its Notice of Removal in the United States District Court for the Northern District of Alabama, Eastern Division (Exhibit "A").

Respectfully submitted,

s/ *Chris Zulanas*
Christopher J. Zulanas (ZUL001)
Gwendolyn A. Gordon (GOR006)
Counsel for Defendant –
Wal-Mart Stores East, LP[1]

[1] Incorrectly named in the Complaint as "Wal-Mart, Inc."

OF COUNSEL:
FRIEDMAN, DAZZIO & ZULANAS, PC
3800 Corporate Woods Dr
Birmingham, AL 35242
czulanas@friedman-lawyers.com
ggordon@friedman-lawyers.com
(stacy@friedman-lawyers.com)
P: (205) 278-7000
F: (205) 278-7001

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing pleading upon all counsel of record, via the Alabama electronic filing system, electronic mail, and/or U.S. Mail, first class postage prepaid and properly addressed, on this date: May 30, 2024.

Teylor Holland
ALEXANDER SHUNNARAH TRIAL ATTORNEYS
950 22nd Street North Ste 600
Birmingham, AL 35203
tholland@asilpc.com
*Attorney for Plaintiff*

s/ *Chris Zulanas*
OF COUNSEL

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| AMARI WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | ______________________ |
| WAL-MART, INC., a foreign corporation; Fictitious Defendants 1-18, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

# NOTICE OF REMOVAL

COMES NOW the Defendant in the above-styled action, **Wal-Mart Stores East, L.P. (incorrectly named in the Complaint as Wal-Mart, Inc.),** and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal of this action from the Circuit Court of Talladega County, Alabama, to the United States District Court for the Northern District of Alabama, Eastern Division. In support of this removal, Defendant states as follows:

## I. PROCEDURAL BACKGROUND

1. On December 12, 2023, Amari Webb ("Plaintiff") filed a Complaint against Defendants Wal-Mart Stores East, L.P. (incorrectly named in the Complaint as Wal-Mart, Inc.) and Fictitious Defendants 1-18 in the Circuit Court of Talladega County, Alabama, Civil Action No. 61-CV-2023-900492.

2. Wal-Mart, Inc. was served with the summons and original complaint on December 19, 2023 by certified mail.

3. In accordance with 28 U.S.C. § 1446(a), copies of all pleadings, processes, and orders in the state court action are attached hereto as **Exhibit A**.

4. Section 1446(b) sets forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading, and (2) those that later become removable on the basis of a copy of an amended pleading, motion, order, or other paper. 28 U.S.C. §1446(b). Regardless of the type of case, a defendant must remove within thirty (30) days of receiving the document that provides the basis for the removal. *See* 28 U.S.C. §1446(b); *Lowery v. Ala. Power Co.*, 483 F.3d 1184,1212-13 (11th Cir. 2007).

5. On January 17, 2024, Counsel for Wal-Mart filed a set of discovery requests, including Requests for Admissions, whereby plaintiff could confirm he was limiting his damages claim to less than $75,000. (Ex. A, Doc. 8).

6. On May 1, 2024, Plaintiff served Wal-Mart with a copy of his responses to Wal-Mart's Requests for Admission[1]. (Ex. A, Doc. 23). The said requests and Plaintiff's responses to the same were as follows:

[1] Wal-Mart filed a Motion to Compel due to Plaintiff's failure to file his responses within the thirty-day time period allotted by Rule 36(a) of the *Alabama Rules of Civil Procedure*. (Ex. A; Doc. 11); *see Lowery v. Ala. Power Co.*, 483 F.3d 1184,1212-13 (11th Cir. 2007). This Motion was pending in the Circuit Court of Talladega County but, after receiving Plaintiff's discovery responses on May 1, 2024, Wal-Mart filed a Motion to Moot its Motion to Compel. (Ex. A, Doc. 30).

Admit your total claimed damages exceed more than $75,000.

RESPONSE: Denied.

Admit you will not seek more than $75,000 in damages in this case.

RESPONSE: Admitted.

**Admit you will not accept more than $75,000 in damages in this case, if awarded by a jury.**

**RESPONSE: Denied.**

(Ex. A, Doc. 23; Plaintiff's Discovery Responses, attached hereto as **Exhibit B**) (emphasis added).

7. Plaintiff's Complaint asserts that he suffered injuries as a result of a fall at Defendant's store. (Ex. A, Doc. 2, ¶¶ 6-7). Specifically, plaintiff claims he "was walking in the frozen area of the store when he was caused to slip an[d] fall from leaking water on the floor." (Ex. A, Doc. 2, ¶ 7). Plaintiff claims that, as a result of said fall, he suffered as follows: he suffered injuries to various portions of his body, including but not limited to his right wrist, hand and body as a whole; he suffered aggravations of pre-existing conditions; he experienced and continues to experience pain and suffering; he experienced and continues to experience mental anguish; he expects to experience pain and suffering and mental anguish in the future; he was permanently injured, disfigured and damaged; he was caused to incur personal injury medical expenses; he was caused to incur out-of-pocket expenses; he was caused to suffer lost wages and/or loss of future income and earning capacity; and he is

reasonably certain to incur personal injury expenses and damages in the future. (Ex. A, Doc. 2, ¶ 8).

8. Based upon Plaintiff's claims, the injuries alleged in his Complaint, and his responses to Wal-Mart's Requests for Admission, it is clear that alleged damages in this lawsuit equate to over $75,000.00. Consequently, this matter is removable under 28 U.S.C. § 1446(b)(3) within thirty (30) days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Although Defendant denies liability for the claims alleged against it by Plaintiff, it is unquestionable that the damages claimed by Plaintiff in this matter exceed the $75,000 amount in controversy for removal under diversity jurisdiction.

9. This notice is being filed with the United States District Court within thirty (30) days after receipt of Plaintiff's responses to Wal-Mart's Requests for Admission which were filed on May 1, 2024. (Ex. A, Doc. 23). Therefore, this notice is timely under 28 U.S.C. § 1446(b).

10. This case is properly removable pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between Plaintiff and the Defendant. Additionally, the amount in controversy exceeds the threshold for federal diversity jurisdiction.

## II. DIVERSITY JURISDICTION

11. As demonstrated below, this action is removable under 28 U.S.C. § 1441 because this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Furthermore, this Notice of Removal has been filed within thirty (30) days of the date when Defendant received Plaintiff's Responses to Defendant's Requests for Admission, and therefore, complies with the procedural requirements of 28 U.S.C. § 1441(b).

### A. There Is Complete Diversity of Citizenship Between the Parties

12. This action involves "citizens of different states." 28 U.S.C. § 1332(a)(1).

13. Plaintiff Amari Webb is an individual resident of Talladega County, Alabama. (Ex. A, Doc. 2, ¶ 1).

14. Defendant Wal-Mart Stores East, L.P. is a limited partnership of which WSE Management, LLC is the sole general partner and WSE Investment, LLC is the sole limited partner. The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. The sole member of Wal-Mart Stores East, LLC is Wal-Mart, Inc. Wal-Mart, Inc. is a Delaware corporation with its principal place of business in Arkansas. (**Exhibit C**, Alabama Secretary of State

Records for Wal-Mart Stores East, L.P. and Wal-Mart, Inc.). Thus, Wal-Mart Stores East, L.P. is a citizen of both Delaware and Arkansas. *See Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004) (holding that for purposes of assessing diversity of citizenship, "a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens" and "a limited liability company is a citizen of any state in which a member of the company is a citizen.").

15. Accordingly, the Defendant is not a citizen of Alabama, Plaintiff's place of residence, for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

16. It has long been held that the court's diversity jurisdiction is established at the time the notice of removal is filed. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Further, the citizenship of defendants sued under fictitious names shall not be considered when determining diversity jurisdiction. 28 U.S.C. § 1441(b).

17. Accordingly, there is complete diversity among the Plaintiff and Defendant in this matter.

**B. <u>The Amount-In-Controversy Requirement is Satisfied</u>**

18. The amount in controversy in this action exceeds the $75,000.00 jurisdictional threshold. 28 U.S.C. § 1332(a).

19. As noted above, plaintiff admits he will accept more than $75,000 in

damages in this case, if awarded by a jury. (Ex. A, Doc, 23, Ex. B).

20. Moreover, plaintiff claims in his Complaint that, as a result of the alleged slip and fall made the basis of this lawsuit, he suffered as follows: he suffered injuries to various portions of his body, including but not limited to his right wrist, hand and body as a whole; he suffered aggravations of pre-existing conditions; he experienced and continues to experience pain and suffering; he experienced and continues to experience mental anguish; he expects to experience pain and suffering and mental anguish in the future; he was permanently injured, disfigured and damaged; he was caused to incur personal injury medical expenses; he was caused to incur out-of-pocket expenses; he was caused to suffer lost wages and/or loss of future income and earning capacity; and he is reasonably certain to incur personal injury expenses and damages in the future. (Ex. A, Doc. 2, ¶ 8). As a result of these alleged injuries, Plaintiff seeks compensatory and punitive damages – in an unspecified amount - for negligence, wantonness, premises liability, negligent failure to warn, *respondeat superior* and agency, and negligent/wanton hiring training and supervision. (Ex. A, Doc. 2).

21. Furthermore, in his responses to Wal-Mart's discovery, plaintiff states that he injured his back, shoulder blades and left shoulder as a result of the alleged incident made the basis of this lawsuit. (Ex. B, Int. Resp. No. 7)

22. Where there is an unspecified claim for damages, a removing

Defendant is not required to prove the Plaintiff would recover more than the jurisdictional amount to a "legal certainty." *Lowe's Ok'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998). Instead, the defendant faces the lower burden of demonstrating "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement. *Lowe's Ok'd Used Cars, Inc.*, 995 F. Supp. at 1389 (citing *Tapscott*, 77 F.3d at 1357). *See, e.g., Jones v. Novartis Pharms. Co.*, 952 F. Supp. 2d 1277, 1282 (N.D. Ala. 2013); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

23. Moreover, the Eleventh Circuit has stated:

> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See Id*. at 754. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *See Id*. at 770 (quoting *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)); *see also Williams [v. Best Buy Co., Inc.]*, 269 F.3d [1316,] 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Rowe v. Michelin Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010).

24. The preponderance of the evidence establishes that the amount in controversy requirement is met in this action.

25. Based on plaintiff's responses to Wal-Mart's Requests for Admission as to the amount he will accept, plaintiff's Interrogatory Responses, and the claims alleged in plaintiff's Complaint, it is clear the preponderance of the evidence establishes that the amount in controversy requirement is met in this action.

26. Furthermore, this Court is allowed to look to judicial experience to reasonably deduce the amount in controversy. In similar cases wherein a plaintiff has successfully asserted claims against a defendant for physical injuries arising from a fall on the defendant's premises, jury verdicts and settlements have exceeded the jurisdictional requirement. *See Wilson v. W.J. O'Neil Co*., 16 ACTR 1-18, 2015 WL 9920388 (Cir. Ct. Madison Cnty. September 15, 2015) (providing a settlement of $110,000 to the plaintiff for injuries to his hand caused by an agitator falling on his hand while he was performing pipefitting duties); *Murphee v. Wesco Foods Incorp*., JVR No. 448971, 2005 WL 741804 (Unknown AL State Ct August 2002) (awarding $350,000 where plaintiff suffered a fractured wrist when she slipped and fell on a section of wet floor inside defendant's grocery store); *Letson v. Huntsville Hospital*, 18 Ala. Civ. Trial Rptr. 6-15, 2018 WL 3105528 (Cir. Ct. Madison Cnty. Mar. 12, 2018) (providing a settlement of $145,000 to the plaintiff for sustained knee and back injuries in a trip and fall at her place of employment); *Preston v. Medical Ctr. Hotel, Inc., et al.*, 15 Ala. Civ. Trial Rptr. 11-12, 2015 WL 7729423 (Cir. Ct. Jefferson Cnty. June 15, 2015) (awarding $420,050.00 in damages to plaintiff on her

claims of negligence against defendants arising out of her trip and fall over a floor drain on defendants' premises which injured her right knee and lower back).

27. As such, the amount in controversy requirement of 28 U.S.C § 1332(a) is met as the preponderance of the evidence establishes that Plaintiff seeks over $75,000.00 in damages from Defendant.

**C. <u>The Other Prerequisites for Removal Have Been Satisfied</u>**

28. In addition to satisfying the requirements for diversity of jurisdiction, Defendant has satisfied all other requirements for removal.

29. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

30. Wal-Mart has not previously removed this action.

31. Removal at the present time will not result in any prejudice to Plaintiff as the matter has not progressed through written discovery and no depositions have been taken.

32. Removal to this district and division is proper under 28 U.S.C § 81(a)(1) because this district and division embraces the Circuit Court of Talladega County, Alabama, the forum in which the removed action was pending.

33. In accordance with 28 U.S.C. § 1446(d), Wal-Mart will promptly provide written notice of the filing of this Notice of Removal to Plaintiff and file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of

Talladega County, Alabama, where this action was pending.

## III. CONCLUSION

34. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of rights to assert any defense or affirmative matter, whether pursuant to Federal Rule of Civil Procedure 8(c) or Federal Rule of Civil Procedure 12(b).

WHEREFORE, PREMISES CONSIDERED, Defendant Wal-Mart Stores East, L.P., respectfully requests this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Talladega County, Alabama to the United States District Court for the Northern District of Alabama – Eastern Division.

Respectfully submitted,

s/ *Gwen A. Gordon*

Christopher J. Zulanas (ASB-1572-U82C)
Gwendolyn A. Gordon (ASB-2775-O74A)
Counsel for Defendant
Wal-Mart Stores East, LP

OF COUNSEL:
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
czulanas@friedman-lawyers.com
ggordon@friedman-lawyers.com
(stacy@friedman-lawyers.com)
P 205.278.7000 | F 205.278.7001

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of the foregoing Notice of Removal to be electronically filed and issued to counsel via electronic mail CM/ECF notification on this date: May 30, 2024.

Teylor Holland
Alexander Shunnarah Trial Attorneys
950 22nd St N Suite 600
Birmingham, AL 35203
tholland@asilpc.com
(205) 203-4401

s/ *Gwen A. Gordon*
OF COUNSEL